SHAW, P. J.
Defendant drove past a mechanically operated traffic control signal erected and operated by the City of Los Angeles in a public street of the city, at a time when the semaphore arm thereof purporting to control his motion directed him to ‘ ‘ Stop ’ ’. This is made a misdemeanor by the Vehicle Code, unless the facts relied on by defendant relieve him from the charge. These facts are: that the Los Angeles city officials in charge and control of this signal had *Supp. 963 determined that it should be operated for only a part of each day, and should not be in operation at the time when defendant drove past it; that the operation of the signal was controlled by an electric clock and deviations from its established schedule “can be attributed only to some mechanical defect or irregularity in the control mechanism”; and that it was in fact in operation when defendant drove past it, although it had been inspected and found in good order about two weeks before. Upon these facts the judgment of conviction must be reversed.
Section 476 of the Vehicle Code contains these provisions pertinent to the present ease: “Whenever traffic is controlled by official traffic control signals exhibiting the words ‘Go,’ ‘Caution,’ or ‘Stop,’ or exhibiting different colored lights successively, the following colors only shall be used, and said terms and lights shall indicate as follows :■. . . (c) Eed alone or ‘Stop.’ 1. Vehicular traffic facing the signal shall stop before entering the nearest crosswalk at an intersection or at such other point as may be indicated by a clearly visible line, and shall remain standing until green or ‘ Go ’ is shown alone, except as provided in the next succeeding paragraph. . . . (f) No person shall disobey the directions of this section except when it is necessary for the purpose of avoiding a collision or in case of other emergency or when otherwise directed by a police or traffic officer, or as permitted under section 454.” Section 475 of the Vehicle Code provides: “The driver of any vehicle, the person in charge of any animal, any pedestrian, and the motorman of any street car shall obey the instructions of any official traffic signal applicable to him and placed as provided by law, unless otherwise directed by a police or traffic officer, subject to the exemptions granted by section 454.”
Undoubtedly these two sections, which were both added to the code in 1939, by the same amendment, are expressions of the same legislative purpose, and must be construed together and, so far as reasonably possible, in harmony with each other.
No complaint is made and no specification of insufficiency of the evidence is directed to the proposition that this signal was not an “official traffic control signal,” placed and maintained by local authorities under section 465, Vehicle Code, which authorizes such signals to be so placed and main *Supp. 964 tained, and we therefore proceed on the assumption that it was. No emergency appears, nor any other circumstance which, under the terms of subdivision (f) of section 476, would excuse defendant’s failure to stop. Notwithstanding that fact, however, we think the defendant committed no offense when he passed the signal. Section 459 of the Vehicle Code, provides that “The provisions of this division [which .includes sections 475 and 476] shall not prevent local authorities within the reasonable exercise of the police power from adopting rules and regulations by ordinance or resolution on the following matters: . . . (d) Regulating traffic by means of semaphores or other traffic control signaling devices.” Here the local authorities have done just what is thus permitted, and the effect of their regulations is that at the time defendant drove past this signal it should not be operating or regulating traffic. When the legislature left this power to the local authorities, it cannot reasonably have meant in the same breath to say that the movements of such signals should control traffic at a time when the authorities installing them direct otherwise. Such provision would in effect be a delegation directly to the mechanical device of the power to regulate traffic. While the delegation of fact finding or even discretionary power to officials is often upheld on the ground that they may be expected to apply intelligence to the exercise of such power, we know of no reason for holding that a like delegation to a mere machine would be valid. Better is it, since all laws must have a reasonable interpretation, so to construe the legislation in question as not to impute to it the delegative intent last mentioned, and this construction we adopt, holding that, in the words of section 475, Vehicle Code, the “instructions” of signals are not “applicable to” a traveller, and that, in the words of section 476, Vehicle Code, traffic is not ‘.‘controlled by” signals, when back of the instructions of those signals there stands no legitimizing command of the local authority by which they were erected.
The judgment is reversed and the cause is remanded to the municipal court for a new trial.
Bishop, J., and Schauer, J., concurred.